Aasir Azzarmi
10217 S. Inglewood Ave.
Inglewood, CA 90304
323-632-3521
Email: azafata@yahoo.com

AASIR AZZARMI, PLAINTIFF( PRO SE)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK (MANHATTAN)

| | |
|---|---|
| **AASIR AZZARMI**<br>Plaintiff, Pro Se<br><br>v,<br><br>**SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., SEDGWICK SIU, QBE NORTH AMERICA OPERATIONS, COVENTBRIDGE(USA), INC., DONALD NEUBAUER**<br>Defendants<br><br>**RELATED CASE** (CONSOLIDATED CASE) to 7:20-cv-09155-KMK<br><br>**DEMAND FOR A JURY TRIAL** | **CASE:**<br>**VERIFIED COMPLAINT FOR:**<br>(1) VIOLATION OF 42 U.S.C. 1985(2);<br>(2) VIOLATION OF 42 U.S.C. 1985(3);<br>(3) VIOLATION OF 42 U.S.C. § 1983 [FOURTH AMENDMENT-BIVENS CLAIM];<br>(4) VIOLATION OF 42 U.S.C. § 1986<br>(5) VIOLATION OF 42 U.S.C. § 1983 [FIFTH AMENDMENT]<br>(6) VIOLATION OF 42 U.S.C. § 1983[MALICIOUS PROSECUTION];<br>(7) VIOLATION OF 42 U.S.C. § 1983 [EIGHTH AMENDMENT];<br>(8) VIOLATION OF 42 U.S.C. § 1983 [FALSE ARREST];<br>(9)VIOLATION OF 42 U.S.C. § 1983 [FOURTEENTH AMENDMENT/ EQUAL PROTECTION];<br>(10)VIOLATION OF 42 U.S.C. § 1983 [FIRST AMENDMENT/FIRST AMENDMENT RETALIATION];<br>(11)VIOLATION OF 42 U.S.C. 2000bb-1(c) (RFRA);<br>(12)ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B)<br>(13)MALICIOUS PROSECUTION;<br>(14) 28 U.S.C. 1343(a)(1)(2)(3)(4);<br>(15) BAD FAITH FAILURE TO SETTLE(CALIFORNIA LAW)<br>(16)BREACH OF CONTRACT<br>(17) NEGLIGENCE/NEGLIGENCE PER SE |

**VERIFIED COMPLAINT (JURY TRIAL DEMANDED) page 1**

**INTRODUCTION**

1. This is a related action for money damages and injunctive/declaratory relief against Defendants and arises out of Defendants conspiracy to deprive Plaintiff of his Constitutional rights, Defendants actual intentional deprivations of Plaintiff's Constitutional rights and retaliation for Plaintiff's exercise of his religion (Islam) and Constitutional rights, ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B)(against Defendants Sedgwick CMS and QBE), Breach of Contract(against Defendant QBE), Bad Faith Failure to Settle/Bad Faith Denial of Insurance Claim(against Defendant QBE). All State claims are under California law. Plaintiff is allowed to sue for monetary damages under 42 U.S.C. 2000bb-1(c) (RFRA)(Defendants DO NOT HAVE IMMUNITY under the RFRA, including Defendant Neubauer) see Tanzin v. Tanvir, 141 S. Ct. 486, (2020)

**JURISDICTION AND VENUE**

2. This action arises under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), 42 U.S.C. § 1983, VIOLATION OF 42 U.S.C. 1985(2), 42 U.S.C. § 1985(3), VIOLATION OF 42 U.S.C. § 1986, 28 U.S.C. 1343(a)(1)(2)(3)(4); and 42 U.S.C. 2000bb-1(c) to redress the deprivation of rights secured by the United States Constitution. This Court has original jurisdiction over these federal claims under 28 U.S.C. § 1331 because the matters in controversy arise under the Constitution and laws of the United States, thus raising federal questions. The Court also has diversity jurisdiction under 28 U.S.C. § 1332 because Plaintiff is/was a citizen of California and DEFENDANTS are and/or were New York citizens and transact business within this New York district. The Court also has jurisdiction under 28 U.S.C. § 1343 because this action is brought to redress the deprivation of federally secured rights, privileges, and immunities. The Court has authority to render declaratory judgments and to issue permanent injunctive relief under 28 U.S.C. §§ 2201 and 2202.

## PARTIES

3. Plaintiff Aasir Azzarmi ("Azzarmi" or "Plaintiff"), is a citizen of the state of California.

**4. DEFENDANT SEDGWICK CLAIMS MANAGEMENT SERVICES, INC. (herein referred to as "Sedgwick" or "SEDGWICK CMS" or "Defendants"),** an Illinois company, which maintains its headquarters at 8125 Sedgwick Way, Memphis, Tennessee 38125, and is a business incorporated in the State of New York.

**5. DEFENDANT SEDGWICK SIU, (herein referred to as "SEDGWICK SIU" or "SIU" or "SEDGWICK CMS" or "Defendants"),** *a subsidiary of DEFENDANT*

*SEDGWICK CLAIMS MANAGEMENT SERVICES*, is a domestic business corporation organized and existing under the laws of an Illinois company, which maintains its headquarters at 8125 Sedgwick Way, Memphis, Tennessee 38125, and is a business incorporated in the State of New York.

6. **DEFENDANT COVENTBRIDGE GROUP (USA) Inc. (herein referred to as "Coventbridge" or "Defendants")** is a domestic business corporation organized and existing under the laws of Delaware, incorporated in the State of New York.  which maintains its headquarters at 9485 Regency Sq. Blvd, in Jacksonville, Florida.

7. **DEFENDANT DONALD NEUBAUER (herein referred to as "Neubauer" or "Defendants")** is a New York citizen, a NY cop or retired NY cop and is still, as a matter of law, considered a current public official, as he receives a pension from the State of New York.  Defendant Neubauer was  employed by other Defendants to intentionally violate Plaintiff's constitutional rights. According to DEFENDANT COVENTBRIDGE GROUP (USA) Inc., Defendant Neubauer is not a current employee, but was previously employed by "Coventbridge."

8. **DEFENDANT QBE NORTH AMERICA OPERATIONS (herein referred to as "QBE" or "Defendants")** maintains its headquarters here in this SDNY judicial district, at 55 Water Street, New York, NY 10041 and is registered to transact business in the State of New York. QBE alleges on its website that it is a **"part of QBE Insurance Group Limited, headquartered in Sydney, Australia,"** However, Defendant QBE North America company also alleges on its website that **"The North American division, headquartered in New York, conducts business through its' property and casualty insurance subsidiaries."**

## FACTS

9. Around to mid-late July 2019 through present(2022) and continuing, Defendants personally conspired and are continuing to violate Plaintiff's constitutional rights (First

Amendment rights,Fourth Amendment rights, Fifth Amendment rights,  Eighth Amendment rights , Fourteenth Amendment rights and equal protection of the law).

10. Beginning in or around mid to late July 2019 through present(2022) and continuing, Defendants committed acts in furtherance of the conspiracy.

11. From mid to late July 2019 through present(2022) and continuing,  because of Defendants conspiracy and acts in furtherance of their conspiracy, Plaintiff has been deprived of life, property, liberty, First Amendment rights,Fourth Amendment rights, Fifth Amendment rights,  Eighth Amendment rights , Fourteenth Amendment rights and equal protection of the law.

12. Defendants conspiracy is/was motivated by racial (Hispanic ) and/or religious (Islam) animus.

13. Two of the main ringleaders, Defendant Neubauer(employed by Def. CoventBridge  and Davis Secemski (employed by Def. Sedgwick CMS), of the conspiracy are both white (race) and Jewish(religion).

14. Upon information and belief, John Buehler (employed by Defendants QBE, Sedgwick CMS, Sedgwick SIU)  who is the third main ringleader of the conspiracy, is also white (race) and Jewish(religion)

15. Beginning in or around mid to late July 2019 through present(2022) Defendants conspired to maliciously prosecute Plaintiff, falsely arrest Plaintiff, falsely imprison Plaintiff and to deprive Plaintiff of his life, property and liberty.

16. As a proximate result of Defendants conspiracy and acts in in furtherance of their conspiracy, Plaintiff has been deprived of his constitutional rights and deprived of life, property, and liberty.

17. In mid-late July 2019, Defendant Neubauer, pretending to be an active NY cop, was not acting as a private citizen at any point during his investigation, as he told third parties that he was conducting a criminal investigation against Plaintiff, in his official capacity as a NY cop, for fraud and larceny in attempt to imprison Plaintiff.

18. Upon information and belief, in mid to late July 2019 Defendant Neubauer informed Federal officers that Plaintiff was a "Muslim terrorist."

**VERIFIED COMPLAINT (JURY TRIAL DEMANDED) page 4**

19. In mid to late July 2019, a Federal officer seized Plaintiff and informed Plaintiff that "a NY cop who has been investigating you and doing surveillance on you (referring to Plaintiff) informed Federal authorities that you (referring to Plaintiff, who is a Muslim) that you "had been planning to blow up a few NY Federal buildings as an act of jihad." (Jihad is colloquially understood by non-Muslims as radical religious Islamist ideology, a synonym for terrorism)

20. In mid to late July 2019, Plaintiff was seized by around 5 or more Federal officers.

21. In mid to late July 2019, in a separate instance, Federal officers came knocking on residential doors on a different day to arrest or seize Plaintiff a second time. See Rateau v. City of New York, 06-CV-4751 (KAM) (CLP) (E.D.N.Y. Sep. 29, 2009) ("even where there is no claim that a defendant actually restrained or confined a plaintiff, a claim of false arrest or false imprisonment may lie where a plaintiff can 'show that . . . defendan[t] instigated his arrest, thereby making the police . . . agents in accomplishing [defendant's] intent to confine the plaintiff.'" See Weintraub v. Board of Educ., 423 F. Supp. 2d 38, 45 (E.D.N.Y. 2006) (quoting Carrington v. City of New York, 201 A.D.2d 525, 526-27 (2d Dep't 1994)); see King v. Crossland Sav. Bank, 111 F.3d 251, 255 (2d Cir. 1997)")

22. In or around mid to late July 2019, Plaintiff received a call from a Federal officer who wanted to interview Plaintiff about these alleged criminal acts , as Plaintiff was informed that he was going probably going to be arrested and detained. On this phone call, the Federal officer asked Plaintiff about his race and religious beliefs, while also asking if Plaintiff had a personal relationship with Jose Pimentel, another Hispanic Muslim, who was accused of to planning to wage jihad against the United States by intending to detonate pipe bombs in New York City in retaliation for the death of Anwar al-Awlaki, a Muslim cleric in Yemen.

23. On or around July 20, 2019, Plaintiff was also informed that a NY cop was making different and separate criminal charges and criminal accusations against Plaintiff and that Plaintiff "will probably need to consult with a criminal defense attorney."

24. On or around July 24, 2019, Defendant Neubauer, testified as a witness to a NY judge that he was a NY cop who conducted a criminal investigation on Plaintiff and his police investigation concluded that Plaintiff committed criminal acts of fraud and grand larceny.

25. Defendant Neubauer knowingly violated Plaintiff's Constitutional rights out of his own personal interest, as Defendant Neubauer was being financially compensated

by the other Defendants to knowingly violate Plaintiff's Constitutional rights to deprive Plaintiff of his life, property and liberty.

26. At all times. Defendants knew that the assertions they made to the police were false at the time that they made them.

27. Defendant Neubauer, as both the cop and witness , exercised the power he possessed by virtue of state law to manufacture criminal charges against Plaintiff to deprive Plaintiff of his life, property and liberty.

28. Defendant Neubauer, as both the cop and witness , intentionally gave false information to the police and a judge in NY (perjury) to deprive Plaintiff of his life, property and liberty.

29. At all times, Defendant Neubauer, acting on behalf of the other Defendants and as both a NY state cop and witness, intentionally misrepresented evidence, intentionally falsified evidence, intentionally committed perjury and acted in bad faith to intentionally deprive Plaintiff of his life, property and liberty.

30. Defendants, including but not limited to Defendant Neubauer had no probable cause to believe that the criminal proceeding could succeed and, hence, should be commenced against Plaintiff.

31. Upon information and belief, Defendant Neubauer informed Federal officials that Plaintiff was a "Muslim terrorist."

32. At all times, Defendants lacked probable cause to initiate criminal proceedings against Plaintiff.

33. Def. Sedgwick CMS and Def. QBE's employee, John Buehler, wrote in an email to Def. Neubauer, that John Buehler wanted Def. Neubauer to **"push"** for a **"fraud charge."**

34.             Defendant Neubauer was clothed with the authority of state law or pretended to be clothed with the authority of state law when Defendant Neubauer was pretending to be an active NY cop while conducting surveillance on Plaintiff.

35. At all times, Defendant Neubauer was literally "acting" under the color of state law when investigating Plaintiff's alleged crimes.

36. Defendants attempted to commence a criminal proceeding against plaintiff without probable cause.

37. Defendants attempt to commence a criminal proceeding against Plaintiff was malicious as it was based solely on Defendants personal financial interests and to deprive Plaintiff of his constitutional rights and of his life, property and liberty.

38. Because Defendants criminal accusations/charges against Plaintiff were 100% false and 100% maliciously manufactured, the criminal proceedings terminated in Plaintiff's favor.

39. From mid- July 2019 through present (2022), Defendants are still continuing their conspiracy and still committing acts in furtherance of their conspiracy to continue to further deprive Plaintiff of life, property and liberty and constitutional rights.

40. Defendants' conspiracy and acts in furtherance of their conspiracy have caused Plaintiff's harm and damages (emotional, monetary, reputational, etc.)

41. Defendant QBE North America, the insurer, violated Cal. Code Regs. tit. 10 § 2695.7(a)by discriminating against Plaintiff, the insured, in its claims settlement practices based upon Plaintiff's race and religion.

42. Defendant QBE North America, caused Plaintiff's harm and damages (emotional, monetary, reputational,etc.)by its bad faith and failure to settle Plaintiff's insurance claims.

43. Defendant QBE North America failed to act with proper cause as Defendant QBE North America, the insurer, placed its own interests above those of Plaintiff, the insured.

44. Defendants, directly or indirectly, conspired to maliciously prosecute Plaintiff, falsely arrest Plaintiff, falsely imprison Plaintiff and to deprive Plaintiff of his life, property and liberty.

45. Plaintiff sent Defendant QBE North America a reasonable settlement demand of $125,000.00.

46. Defendant QBE North America, in bad faith, refused to settle Plaintiff's insurance claims.

47. Defendant QBE North America initially accepted Plaintiff's reasonable settlement demand of $125,000.00, agreeing to settle Plaintiff's insurance claims for $125,000.00.

48.Because QBE wanted to breach its contract with Plaintiff, QBE conspired with the other Defendants to violate Plaintiff's constitutional rights by fabricating evidence, paying other Defendants to employ Defendant Neubauer to commit perjury and

manufacture criminal charges against Plaintiff to avoid having to pay Plaintiff's reasonable settlement demand of $125,000.00 that QBE accepted.

49. After Defendants engaged in their conspiracy and committed acts to further their conspiracy, Def. QBE then breached its contract and failed to accept Plaintiff's reasonable settlement demand for the amount of $125,000.00, which was within Def. QBE's policy limits.

50. Def. Sedgwick CMS, acting as the TPA for Def. QBE, informed Plaintiff that $125,000.00 was within Def. QBE's policy limits, as Def. Sedgwick informed Plaintiff that Def. Sedgwick had authority to settle Plaintiff's insurance claims for $125,000.00 because it was within Def. QBE's policy limits.

51. Defendants, conspired to deprive Plaintiff, directly or indirectly, of equal protection of the laws based on his race and/or religion.

52. Defendants actions deprived Plaintiff of his property without due process of law.

53. Defendants conduct was carried out under color of state law and
Plaintiff had a constitutionally protected property interest in reimbursement of 100% of medical expenses, workers compensation benefits, insurance settlement with QBE North America for personal injuries.

54. Defendants maliciously prosecuted Plaintiff.

55. Defendants initiated and/or participated in the earlier proceedings to attempt to maliciously prosecute Plaintiff for fraud and larceny.

56. Defendants attempt to prosecute Plaintiff for crimes they manufactured, which had no factual basis, was intentional and malicious.

57. Defendants attempt to maliciously prosecute Plaintiff for fraud, larceny, or terrorism was without probable cause.

58. The earlier proceeding ended in Plaintiff's favor to the extent that Plaintiff was never convicted for fraud, larceny, or terrorism.

59. Beginning around early 2020, Plaintiff was deprived of life, liberty and property without due process of law. U.S. CONST. amend. XIV;

60. Defendants conspired to deprived Plaintiff him of property and/or property interests.

61. Defendants actually deprived Plaintiff of his property and/or property interests.

62. Defendants acting in concert committed unlawful acts or committed lawful acts by unlawful means, through their agreement between themselves to inflict a wrong against Plaintiff and injure Plaintiff.

63. Defendants conspiracy to commit unlawful acts and/ or committing of lawful acts by unlawful means, through their agreement between themselves, to inflict a wrong against Plaintiff caused Plaintiff damages of over $125,000.00

64. Defendants personal conduct caused Plaintiff to be derived of his property and/or property interests.

65. On or around July 24, 2019, Defendants Sedgwick CMS, Sedgwick SIU, QBE North America, and Coventbridge specifically paid Donald Neubauer, a cop or retired cop, to commit perjury and fabricate evidence to deprive Plaintiff of life and of his property and/or property interests.

66. On or around July 24, 2019, Defendant Neubauer, a cop or retired cop, committed perjury to intentionally deprive Plaintiff of life and his property and his property interests.

67. Sometime around late 2019/2020 and continuing through present (2022), Plaintiff is/ was deprived of life, property and/or property interests, as a proximate result of Defendants conduct.

68 Defendant Neubauer, a public government official, is not immune from suit because he knew that perjury is a crime and knew that he was intentionally violating Plaintiff's clearly established statutory and constitutional rights at the time of his conduct.

69. Defendant Neubauer, a retired NY cop of around 20 years or more , knew or reasonably should have known that his conduct of accepting money from the other Defendants to commit the crime of perjury, would violate Plaintiff's constitutional rights.

70. Defendants conduct was to intentionally and maliciously deprive Plaintiff of medical treatment in violation of Eighth Amendment and Fourth Amendment. Carlson v. Green, 446 U.S. 14, 17–18 (1980) (recognizing a Bivens claim for failure to provide medical treatment).

71. Plaintiff has actually been deprived of his First, Fourth amendment rights, Fifth Amendment rights, Eighth Amendment, and Fourteenth Amendment rights secured by the Constitution as a result of Defendants' conduct and conspiracy.

72. In 2022, Defendants have repeated their conduct to further deprive Plaintiff of his property and/or property interests, life and liberty.

73. Defendants were, at all times, acting in their personal interests and were motivated by their personal interests.

74. Defendant Neubauer was acting solely in his personal interests, separate and apart from his duties as police officer or retired police officer.

75. Defendants, all of them, participated in a conspiracy to bring unfounded criminal charges against Plaintiff for fraud, larceny, and/or terrorism.

76. Plaintiff was never convicted or charged or prosecuted fraud, larceny, or terrorism.

77. Because Defendants conducting is continuing and reoccurring and has happened in 2022 and/or in mid-late July 2019, Plaintiff's claims are timely.( A cause of action accrues at the time of the last event necessary to complete the tort -- usually when the plaintiff suffers an injury. Kach, 589 F.3d at 634 (citing United States v. Kubrick, 444 U.S. 111, 120 (1979)).

78. From January 2017 through present, Defendants Sedgwick CMS and QBE North America had legal duties to use due care in providing Plaintiff with substantial medical treatment by a licensed medical doctor under California Workers Compensation laws.

79. From January 2017 through present, Defendants Sedgwick CMS and QBE North America breached their legal duties to use due care in providing Plaintiff with substantial medical treatment by a licensed medical doctor under California Workers Compensation laws.

80. From January 2017 through present, instead of providing Plaintiff with substantial medical treatment by a licensed medical doctor, Defendants Sedgwick CMS and QBE North America intentionally and wantonly used out-of-state claims adjusters to

delay and deny requests for authorization of medical treatment for reasons of medical necessity to cure or relieve, in violation of California Labor Code §4610 (1) that only a licensed physician may modify, delay, or deny requests for authorization of medical treatment for reasons of medical necessity to cure or relieve, and (2) timely responses to requests for authorization by the injured employee's requesting treating physician.

81. In or around 2015-2016, Defendant Sedgwick CMS, on behalf of Defendant QBE North America (joint venture liability), was aware that Sedgwick's pattern and practice of intentionally and wantonly using out-of-state claims adjusters, WHO ARE NOT LICENSED PHYSICIANS, to delay and deny requests for authorization of medical treatment was in violation of California Labor Code §4610, as Defendant Sedgwick CMS was fined $1,129,600.00 by the State of California's Division of Workers Compensation.

82. From January 2017 through present, Defendants Sedgwick CMS and QBE North America intentional violations of California Labor Code §4610 and their breach of their other legal duties(under California law) to authorize Plaintiff's medical treatment, **as medical treatment can only be delayed or denied by a licensed California physician**, was the proximate or legal cause of Plaintiff's injuries.

83. Plaintiff properly made a claim for STD and LTD benefits under ERISA.

84. Plaintiff exhausted the Plan's administrative appeals process for his STD and LTD benefits, which is managed exclusively by Defendant Sedgwick CMS.

85. Plaintiff is entitled to STD and LTD benefits under the plan's terms.

86. Plaintiff was denied STD and LTD benefits by Def. Sedgwick CMS.

87. Plaintiff and Def. QBE had 2 contracts (one contract for Long Term Disability benefits that he purchased and another contract for $125,000.00 to settle Plaintiff's personal injury claims under the first contract)

88. Plaintiff performed all of his contractual obligations under the terms of the 2 contracts Plaintiff had with Defendant QBE.

89. Defendant QBE breached the 2 contracts by refusing to pay Plaintiff any of the LTD insurance benefits that Plaintiff was entitled to and then subsequently refusing to pay Plaintiff the "full and final settlement" lump sum of $125,000.00 in lieu of paying Plaintiff the weekly LTD insurance benefits Plaintiff was entitled to under the contract.

90. Plaintiff has been injured by Defendant QBE North America's breach of the 2 contracts, causing Plaintiff damages of over $125,000.00.

## PRAYER FOR RELIEF

91. Defendants intentional violation of Plaintiff's Constitutional rights have proximately caused Plaintiff damages over $300,000.00 since 2018 and continuing through present. Therefore, Plaintiff prays for monetary damages, punitive damages, emotional damages, declaratory relief, injunctive relief, equitable relief, etc.

92. Plaintiff reserves the right to amend the complaint to adding additional facts/details and to update damages that are continuing in 2022 and will continue beyond 2022.

DATE: 06/15/2022

AASIR AZZARMI, PLAINTIFF, PRO SE

**VERIFIED COMPLAINT (JURY TRIAL DEMANDED) page 12**

# VERIFICATION OF COMPLAINT

I, Aasir Azzarmi, being duly sworn, deposes and says that:

I am the Pro Se Plaintiff in this case and I have read the foregoing Verified Complaint, and know the contents thereof; the same is true to my personal knowledge, except these matters which are stated to be alleged "upon information and belief, and as to those matters which I believe them to be true or believed them to be true.I declare under penalty of perjury and pursuant to 28 U.S.C. § 1746 and under the laws of the U.S. that the foregoing is true and correct.

Date: 07/1/2022

AASIR AZZARMI
PLAINTIFF, PRO SE