UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AASIR AZZARMI,

                              Plaintiff,

            -against-

SEDGWICK CLAIMS MANAGEMENT
SERVICES, INC.; SEDGWICK SIU; QBE
NORTH AMERICA OPERATIONS;
COVENTBRIDGE(USA), INC.; DONALD
NEUBAUER,

                              Defendants.

22-CV-5868 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff filed this action *pro se*. On February 7, 2023, the Court dismissed the complaint

as barred by the doctrine of claim preclusion and warned Plaintiff that, pursuant to 28 U.S.C.

§ 1651, further duplicative or frivolous litigation in this court may result in an order barring him

from filing any new actions in this court without first seeking permission of the court. (ECF No.

5.) Plaintiff filed a motion for reconsideration, on February 21, 2023, and a declaration in support

of that motion on February 20, 2023, (ECF Nos. 7, 8), challenging the February 7, 2023,

dismissal order.

The Court liberally construes the submissions as a motion to alter or amend judgment

under Fed. R. Civ. P. 59(e), a motion for reconsideration under Local Civil Rule 6.3, and a

motion for relief from a judgment or order under Fed. R. Civ. P. 60(b). *See Triestman v. Fed.*

*Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90,

101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including

liberal construction of papers, "relaxation of the limitations on the amendment of pleadings,"

leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to

ensure that a pro se litigant understands what is required of him[.]") (citations omitted). After
reviewing the arguments in Plaintiff's submissions, the Court denies the motion.

## DISCUSSION

**A.      Motion to Alter or Amend the Judgment under Fed. R. Civ. P. 59(e)**

A party who moves to alter or amend a judgment under Fed. R. Civ. P. 59(e) must
demonstrate that the Court overlooked "controlling law or factual matters" that had been
previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009).
"Such motions must be narrowly construed and strictly applied in order to discourage litigants
from making repetitive arguments on issues that have been thoroughly considered by the court."
*Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see
also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009)
("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision
as the opening of a dialogue in which that party may then use such a motion to advance new
theories or adduce new evidence in response to the court's ruling.'") (citations omitted).

Because the claims that Plaintiff asserted in this action arose out of the same transactions
and occurrences that were the subject of his previous actions in this court, *see Azzarmi v.
Neubauer*, ECF 7:20-CV-9155, 89 (S.D.N.Y. Sept. 20, 2022) (dismissing action with prejudice
pursuant to Fed. R. Civ. P. 8 and 41, and for Plaintiff's failure to comply with Fed. R. Civ. P. 15
and Judge Karas's Individual Rules, and noting Plaintiff's extensive history of litigating claims
across the country); *Azzarmi v. Sedgwick Claims Mgmt. Sys., Inc.*, No. 21-CV-10074 (E.D. Mich.
Jan. 20, 2021) (dismissing action for failure to state a claim), the claims either were brought or
could have been brought in the prior proceedings and are therefore barred by the doctrine of
claim preclusion. Plaintiff has failed to demonstrate that the Court overlooked any controlling

decisions or factual matters with respect to the dismissed action. The Court therefore denies Plaintiff's motion under Fed. R. Civ. P. 59(e).

**B.      Motion for Reconsideration under Local Civil Rule 6.3**

The standards governing Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 509 (discussion in the context of both Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e)). Thus, a party seeking reconsideration of any order under Local Civil Rule 6.3 must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 509.

The Court therefore denies Plaintiff's motion under Local Civil Rule 6.3, for the same reasons as his motion under Rule 59(e), because he has failed to demonstrate that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action. The Court therefore denies Plaintiff's motion under Local Civil Rule 6.3.

**C.      Motion for Reconsideration under Fed. R. Civ. P. 60(b)**

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on reasons (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted).

Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

Plaintiff's motion for reconsideration (ECF No. 7) is denied. All other matters are terminated.

This action is closed. The Clerk of Court will only accept for filing documents that are directed to the United States Court of Appeals for the Second Circuit. If Plaintiff files other documents that are frivolous or meritless, the Court will direct Plaintiff to show cause why Plaintiff should not be barred from filing further documents in this action.

The Court's warning, pursuant to 28 U.S.C. § 1651, that further duplicative or frivolous litigation in this court may result in an order barring Plaintiff from filing any new actions in this court without first seeking permission of the court remains in effect.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   February 23, 2023
             New York, New York

                                                    /s/ Laura Taylor Swain
                                        _____
                                              LAURA TAYLOR SWAIN
                                        Chief United States District Judge